IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEE CROUTHERS a/k/a
KHENTI AMENTI-BEY,

                                                             OPINION and ORDER

                  Plaintiff,

                                                             10-cv-308-bbc

    v.

WILLIAM POLLARD, Warden;
LARSON, Sergeant; ZAGAR, Officer;
PAQUETT, Officer; and
TOM LANCOR, Kitchen Staff;

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Lee Crouthers has filed a pro se complaint in which he alleges that prison officials violated his rights by refusing to allow him to attend a religious ceremony and by throwing a spoon at him. Plaintiff has made an initial partial payment of the filing fee as directed by the court under 28 U.S.C. § 1915(b)(1). Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude

1

that he cannot proceed at this time because his complaint violates Fed. R. Civ. P. 20.

Under Fed. R. Civ. P. 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, the rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure ), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against defendants A, B, C and D and an unrelated lawsuit for personal injury against defendants A, B and Z. If the plaintiff wanted to proceed with both claims in the same lawsuit under

2

Rules 18 and 20, he would have to dismiss defendants C and D from the first lawsuit or he would have to dismiss defendant Z from the second lawsuit. In this way, the same "core" of defendants (A and B) is common to both claims.

Applying Rules 18 and 20 to the factual allegations in the complaint, I conclude that plaintiff is raising claims that belong in two different lawsuits:

- <u>Lawsuit #1</u>: Defendants Zagar and Paquett refused to allow plaintiff to attend a feast the prison was having for Eid ul-Fitr, a holiday marking the end of Ramadan. Defendant Larson refused to take any action in response to Zagar's and Paquett's conduct.

- <u>Lawsuit #2</u>: Defendant Tom Lancor threw a spoon at plaintiff in the kitchen.

Plaintiff may notice that I have omitted William Pollard from either lawsuit, even though plaintiff lists him as a defendant in the caption. The reason is that plaintiff does not include any allegations about defendant Pollard's involvement in either alleged violation of his rights. Plaintiff alleges only that Pollard is the warden of the prison. If plaintiff included Pollard because he believes that the warden may be held liable for constitutional violations of his employees, that was a mistake. Under 42 U.S.C. § 1983, the statute authorizing lawsuits for constitutional violations, a person may not be held liable unless he was personally involved in the violation. This means that an official must have participated in the alleged conduct or facilitated it. It is not enough to show that a particular respondent is the supervisor of someone else who committed a constitutional violation. <u>Burks v.</u>

3

Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.")

Under George, I may apply the filing fee to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuit, plaintiff has a more difficult choice. He may choose to pursue that lawsuit separately. In that case, he will be required to pay a separate filing fee. In addition, plaintiff may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss the other lawsuit voluntarily. If he chooses this latter route, plaintiff will not owe additional filing fees or face a strike for that lawsuit. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once

4

plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff Lee Crouthers may have until July 27, 2010 to identify for the court whether he wishes to proceed with Lawsuit #1 or Lawsuit #2 under the number assigned to this case.

2. Plaintiff may have until July 27, 2010, to advise the court whether he wishes to go forward with the other lawsuit or whether he will withdraw the other lawsuit voluntarily.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. If plaintiff chooses to proceed with both lawsuits, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

5. If plaintiff fails to respond to this order by July 27, 2010, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to

prosecute.

Entered this 12th day of July, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge